UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REYNALDO PEDREGON,<br><br>　　　　Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent. | Case No. 14-CV-04679-LHK[1]<br>Case No. 09-CR-00586-LHK-1<br><br>**ORDER DIRECTING RESPONDENT TO ANSWER § 2255 MOTION** |

Petitioner Reynaldo Pedregon ("Petitioner"), proceeding *pro se*, filed on October 20, 2014 a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1 ("§ 2255 Motion"). Petitioner asserted the following claims in his § 2255 Motion: (1) ineffective assistance of counsel; (2) actual innocence and insufficiency of the evidence; and (3) vindictive persecution and substantial government misconduct. *Id.* at 3.

On March 30, 2015, Respondent filed a motion for waiver of Petitioner's attorney-client privilege in order to prepare a response to Petitioner's § 2255 Motion. ECF No. 7. The Court granted Respondent's motion for waiver on October 16, 2015. ECF No. 13. In response to a

---

[1] All docket citations in this Order refer to Case No. 14-CV-04679-LHK.

1
Case No. 14-CV-04679-LHK
Case No. 09-CR-00586-LHK-1
ORDER DIRECTING RESPONDENT TO ANSWER § 2255 MOTION

motion for clarification regarding the scope of the Court's October 16, 2015 Order, the Court reiterated, on January 20, 2016, that Petitioner had waived Petitioner's attorney-client privilege as to any matters encompassed in Petitioner's § 2255 Motion. ECF No. 16.

More than two months have passed since the Court's January 20, 2016 Order, and the Government has yet to file a response to Petitioner's § 2255 Motion.

Section 2255 provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Court cannot say that the motion, files, and records of the case "conclusively show" that Petitioner is not entitled to relief. 28 U.S.C. 2255(b). Petitioner's claims appear cognizable under § 2255 and thus merit a response from Respondent. Accordingly, the Court ORDERS Respondent to respond to Petitioner's claims per the schedule set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this Order on the Petitioner, and shall file a certificate of service after doing so.

2. Respondent shall file with the Court and serve on Petitioner, within **thirty (30) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why the Court should not grant Petitioner's § 2255 Motion.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with

the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.

4. Petitioner's motion shall be set for hearing on July 28, 2016, at 1:30 P.M.

**IT IS SO ORDERED.**

Dated: March 29, 2016

_____
LUCY H. KOH
United States District Judge